## FISHER v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
May 3, 1929.

No. 2842.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN,, District Judge.

Lively & Stambaugh, of Charleston, W. Va., for appellant.

Edmund Marshall, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

ERNEST F. COCHRAN, District Judge. The appellant, who was the defendant below, and will hereafter be referred to as the defendant, was convicted upon an information containing three counts; the first count charging unlawful possession of intoxicating liquor (charged as a second offense), the second count charging the sale of intoxicating liquor, and the third count charging the maintenance of a common nuisance, a place where intoxicating liquor was kept, bartered, and sold, in violation of the National Prohibition Act. He was convicted on all counts, and sentenced to pay a fine of $100 and to be imprisoned for 12 months.

We shall not state all of the evidence offered at the trial, but only so much as may be necessary for a proper understanding of the errors assigned. On the part of the government, one A. C. Allmen, a prohibition agent, testified that he purchased one quart of whisky from the defendant, and that the transaction took place in a rear room of the defendant's house, in the presence of Robert Saulton and Charles Buckland. Saulton testified that he and Allmen purchased a quart of whisky from the defendant, and that he was under the impression that Allmen paid for the whisky. The government introduced the record of the defendant's previous conviction of the offense of unlawful possession of intoxicating liquor.

The defendant in his testimony admitted that he had been formerly engaged in the illegal sale of liquor, but claimed that he had quit the business, and that he had merely made a gift of the whisky, upon the representation by Saulton that they had been on a drunk and were sick and had run out of whisky. He testified also that Allmen stayed in the front room with Blanche Buckland, his brother-in-law's wife, and the defendant's wife, Lula Fisher, and that he and Saulton and Buckland went into the bathroom, and there he delivered the whisky to Saulton. Charles Buckland, a witness for the defendant, corroborated this testimony of the defendant. Blanche Buckland testified that she was present when Allmen and Saulton came to the defendant's house, and that Allmen remained in the front room, and that the defendant, Buckland, and Saulton went into the bathroom in the rear of the house; that she did not know what transpired in the bathroom, but that she saw no whisky, and that at no time did Allmen, the prohibition agent, leave the front room, but remained in the

front room, talking to herself and to Lula Fisher, the defendant's wife; and that Allmen did not on that occasion give the defendant any money. There was no evidence of more than one sale.

Referring to the third count, charging a nuisance, the court instructed the jury that, if they believed that the liquor was sold in the defendant's house, they would be justified in finding him guilty under that count. The defendant excepted to this portion of the charge on the ground that there was but a single sale, and that one sale would not constitute a nuisance. The defendant also requested the court to charge the jury that the defendant's wife could not be a witness for or against him, which was refused, and the defendant excepted.

A common nuisance, as defined in section 21 of title 2 of the Volstead Act (U. S. Code, title 27, § 33 [27 USCA § 33]), implies continuity. A single isolated sale, with no other circumstances warranting the inference that the place where the sale is made is maintained for any of the unlawful purposes denounced by the statute, is ordinarily insufficient to sustain a conviction for maintaining a nuisance. But a single sale may be made under such circumstances as to warrant the inference that the defendant is engaged in a practice of which the sale is but an instance, and justify a conviction. Barker v. U. S. (C. C. A. 4th) 289 F. 249; Muncy v. U. S. (C. C. A. 4th) 289 F. 780; Reynolds v. U. S. (C. C. A. 6th) 282 F. 256, 258; Schechter v. U. S. (C. C. A. 2d) 7 F.(2d) 881, 882; Miller v. U. S. (C. C. A. 6th) 300 F. 529, 537; Lewinsohn v. U. S. (C. C. A. 7th) 278 F. 421; Strada v. U. S. (C. C. A. 9th) 281 F. 143; Singer v. U. S. (C. C. A. 3d) 288 F. 695.

In the case at bar, the jury were instructed that if they believed that the sale was made upon the premises, they would be justified in convicting on the third count. Under this charge, it was the duty of the jury to convict, if they believed the sale was made, even though they may have believed that the sale was not made in such circumstances as to create the inference that the premises were maintained for the unlawful purpose denounced by the statute. Under the decisions of this court and of other Circuit Courts of Appeal above cited, we think this was error; but this error affects the verdict on the third count only.

The next question is upon the exception to the refusal of the District Judge to instruct the jury that the wife was incompetent to testify in the case. In the federal courts, the law is settled that a wife is incompetent in a criminal case to testify on behalf of her husband. Jin Fuey Moy v. U. S., 254 U. S. 189, 195, 41 S. Ct. 98, 65 L. Ed. 214; Hendrix v. U. S., 219 U. S. 79, 91, 31 S. Ct. 193, 55 L. Ed. 102; Logan v. U. S., 144 U. S. 263, 299–302, 12 S. Ct. 617, 36 L. Ed. 429.

Although such is the law, ordinarily there is no occasion that the jury should be instructed upon the subject. But there may be facts developed at the trial of such a nature that a jury might draw an unfavorable inference from the failure of the wife to testify, unless they were instructed as to her competency. Where such is the case, the law as to her competency becomes applicable to the case, and, if an instruction is requested, it should be given. In the present case, we think the facts made the instruction requested applicable. The testimony both for the government and the defense was that the purchase and delivery of the whisky in question was made in the bathroom, and not in the front room. Allmen, the prohibition agent, testified that he went into the bathroom and there made the purchase. The defendant and his witnesses testified, however, that Allmen never went into the bathroom, but remained in the front room with Blanche Buckland *and the defendant's wife,* and that the whisky was delivered *to Saulton in the bathroom.* Unless the jury, therefore, were advised of the incompetency of the defendant's wife to testify, they might have drawn an unfavorable conclusion from the fact that she failed to testify, and, indeed, they would be very likely to do so. We think, therefore, the refusal to give this instruction, when specifically requested, was an error that was prejudicial to the defendant; but this error affects the second and third counts only.

There was no dispute about the fact that the defendant was in unlawful possession of intoxicating liquor, and he himself admitted it in his testimony. It was also admitted that he had been previously convicted of the same offense. In these circumstances, there is no occasion to set aside the verdict so far as the first count is concerned.

The defendant's counsel in their brief argued other points. But these points were not raised in the District Court, the District Court made no ruling thereon, and there are no assignments of error covering them, and consequently they will not be considered in this court. The sentence imposed was a single sentence, but in excess of the punishment authorized upon the first count.

The judgment of the District Court will therefore be reversed, and the sentence be set aside, with instructions to grant a new trial

upon the second and third counts, and to impose such sentence as may be authorized by law upon the first count.