## JENKINS et al. v. UNITED STATES.
### No. 3273.

Circuit Court of Appeals, Fourth Circuit.
April 26, 1932.

William C. Wolfe, of Orangeburg, S. C., and Mendel L. Smith, of Camden, S. C. (John P. Wise, of Ridgeland, S. C., on the brief), for appellants.

Henry E. Davis, U. S. Atty., of Florence, S. C. (Louis M. Shimel and S. Henry Edmunds, Jr., Asst. U. S. Attys., both of Charleston, S. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

Appellants, with twenty others, were indicted in the District Court of the United States for the Eastern District of South Carolina. The indictment contained three counts, the first count charging a conspiracy to violate the provisions of the National Prohibition Act and the provisions of the Tariff Act; the second, with smuggling intoxicating liquors into the United States in violation of the Tariff Act (Tariff Act 1930, § 593 [19 USCA § 1593]); and, the third, with trans-

porting intoxicating liquors in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). A nolle prosequi was entered as to the second count of the indictment.

Some of the defendants pleaded guilty, and some were not apprehended. The four appellants, with four others of the defendants, were tried at Charleston, S. C., in October, 1931, and the jury returned a verdict of guilty as to W. M. Simmons and Wendell Simmons on the first and third counts of the indictment, and a verdict of guilty as to A. D. Chaplin and W. W. Jenkins on the third count, on which verdict the court entered, judgment imprisoning the appellants for various terms. From this judgment this appeal was brought.

Three questions are raised on behalf of appellants: First, that there was not sufficient evidence on which to base the verdict of the jury, and that the trial judge should have directed a verdict of not guilty; second, that the trial court erred in enforcing Rule 72 of the District Court, providing that no testimony could be offered for the defendants after a motion on their behalf for a directed verdict at the close of the testimony offered by the government; third, that the court erred in charging the jury that they could consider the lack of contradiction by witnesses of the evidence offered by the government.

On the first point, an examination of the record leads us to the conclusion that there was ample evidence offered by the government to sustain the verdict of guilty rendered by the jury as to all four appellants.

On the second point the record shows that, when attorneys for appellants, at the close of the government's evidence, made a motion for a directed verdict, the court called their attention to the rule and said he would hear the motion when the evidence was all in. Immediately, the attorneys making the motion stated that no evidence would be offered by the defense. After argument the court refused to direct a verdict. After this action no offer of evidence was made on behalf of appellants. We can see no error in this action of the trial court.

On the third point the instruction complained of was as follows: "I charge you gentlemen that the defendants have a right to either testify or refrain from testifying as they deem proper and you are not to convict them because they did not testify, no inference is to be drawn from the fact that they did not testify. I charge you, however, that

the rule in this Court is that, if the case, as made out for the Government, is of such a nature as to warrant an inference of guilt, unless there is some contradiction by witnesses, the rule does not prevent the jury from considering the lack of contradiction on the part of witnesses for the defense; but under the rule you cannot take it for granted that the defendants are guilty because they did not testify." This was a proper instruction, and properly and fairly stated the law applicable to the proven facts of the case. Graves v. U. S., 150 U. S. 118, 14 S. Ct. 40, 37 L. Ed. 1021.

No exception was taken at the time to the action of the court as to either the second or third points. This court has repeatedly held that points not raised in the District Court and not covered by assignments of error will not be considered here. Fisher 'v. United States (C. C. A.) 32 F.(2d) 602.

Likewise we have repeatedly held that errors in the charge of the trial judge are of no avail on appeal without exception thereto at the time the charge was given. Baker v. United States (C. C. A.) 21 F.(2d) 903.

It is true that attorneys for appellants have sought to invoke Rule 11 of this court, which provides that: " * * * And errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned." Here there is no such error as would come within the meaning and intention of the rule. In fact, there is no error at all.

· The judgment of the court below is accordingly affirmed.