THE STATE OF OHIO, APPELLEE, *v.* CLAY, APPELLANT.

[Cite as State v. Clay (1972), 29 Ohio App. 2d 206.]

(No. 681—Decided March 8, 1972.)

*Mr. Claire M. Ball, Jr.*, prosecuting attorney, for appellee.

*Messrs. Lavelle & Yanity*, for appellant.

GRAY, J. This cause is in this court on appeal on questions of law from a judgment of the Court of Common Pleas of Athens County. Defendant feeling aggrieved by

this result of his trial filed his notice of appeal and assigned the following errors:

"I. The trial court in denying defendant-appellant's request for an opportunity to have an expert witness of his own choice examine the alleged cannibis sativa (marijuana), and in refusing to direct the prosecutor to disclose in a bill of particulars requested facts about the prosecution's 'key' witness thus affording the defense an opportunity to examine his background and determine his credibility or lack thereof, committed reversible errors by violating a basic tenet of the American Judicial System, namely the doctrine of fundamental fairness.

"II. The testimony of the Athens County Prosecuting Attorney, offered during the trial of defendant-appellant, was rendered suspect by the affidavit of the disinterested witness, Don Rixman, and said conflict in sworn testimony raised the issue of misconduct, which was properly before the Athens County Court of Common Pleas by defendant-appellant's motion for a new trial under Section 2945.79 of the Ohio Revised Code, and improperly dismissed by the trial court's overruling of said motion on the basis of the inapplicable rule stated by the court as: '[T]he law is that when you call a witness to the stand, you are bound by his testimony.'

"III. The lower court erred by failing to set aside the verdict in this cause as unsupported by the evidence.

"IV. The Defendant-Appellant, having clearly shown, with the filing of the affidavit of one Don Rixman with the Athens County Court of Common Pleas, that material and vitally important evidence existed at the time of trial that was unavailable to Defendant-Appellant, despite diligent efforts to locate all relevant evidence, was entitled to a new trial under Section 2945.79 (F) of the Ohio Revised Code."

The State filed a motion to strike from the files an affidavit of Don Rixman for the reason that it was not properly executed. We overrule the motion as we desire to treat this matter on its merits.

Defendant was charged with selling 9/10 of a gram, by weight, of marijuana to David Pence for $5, on May 16,

1969. Pence was a special agent of the attorney general of Ohio at that time. Defendant was then charged with unlawfully selling cannabis sativa (marijuana) and with having unlawfully possessed cannabis sativa for sale. A conviction resulted which is the basis of this appeal.

We now address ourselves to the first assignment of error. We do not think that it is well taken. It contains two parts. The first deals with the right of defendant to have an expert witness of his own choice examine the alleged cannabis sativa. Defendant has not cited any authority for such request and our research has revealed none. The trial court in such an instance is empowered to use its discretion. We find no abuse of discretion by the court. There was no denial on the part of anyone on behalf of defendant that the material sold was not marijuana. In fact, there was substantial and probative evidence in the record that defendant sold the material claiming it to be marijuana and the chemist for the Ohio bureau of criminal identification and investigation confirmed it was indeed marijuana. In addition thereto, there is no claim on the part of the defendant that proper procedure was not followed by the state's chemist in the analysis of the subject material or that the chemist was not properly qualified or that an erroneous result was obtained from the test.

Obviously, defendant did not think that there was much substance to this assignment of error as he did not produce any evidence from any source to prove that the material was not marijuana. He had the opportunity to cross-examine the state chemist and did so. He did not succeed in the slightest degree in shaking her testimony that the material given to her to analyze was cannabis sativa, commonly known as marijuana. In fact, the record discloses that defendant elected not to touch upon the identification of the material analyzed but to cross-examine her on the presence of fingerprints and the pharmacologic potency of marijuana as compared to opium. This is a good trial tactic when one believes that cross-examination will not avail oneself of any benefit to his case and when one is certain that the material in question would turn out

to be marijuana when analyzed. These are harmless subjects for cross-examination under these circumstances.

Defendant was selling the drug at $5 per gram. The amount involved in the present transaction was .9 of a gram. If defendant wanted to know the identity of the material that he was selling and to be sure his customers were getting their money's worth, it would have been very easy for him to have had his stock in trade sampled and tested privately after arrest and before trial. This procedure would have been more favorable to him because if done privately it would not have been necessary for him to publicly announce the results, if it was marijuana, but if it was not the real article, he could have then announced publicly that it was not marijuana and could have used that fact as a defense. Thus, defendant had it within his power to make a determination of this fact without taking the slightest risk. In the light of these circumstances, he suffered no prejudice. We believe that the trial court wisely refused the request of defendant, for another reason. A gram of marijuana is a small amount which could be destroyed, or lost in testing by unskilled persons.

Defendant did not sustain this assignment of error by the requisite degree of proof. *Glasser* v. *United States* (1942), 315 U. S. 60.

Where the prosecution makes a probable case on an issue as to which a defendant has a peculiar knowledge of the facts and may easily prove them, an inference arises that the truth is with the prosecution. *Williams* v. *United States* (C. C. A. 5, 1948), 170 F. 2d 319, cert. denied, 335 U. S. 909.

The court in *Moore* v. *United States* (C. C. A. 4, 1959), 271 F. 2d 564, said, at page 568:

"In a criminal case the accused is protected, at every stage of the trial, with a presumption of innocence and until he is proven guilty beyond a reasonable doubt by proper and competent evidence. No inference of guilt can be drawn from the mere fact that the accused did not testify in his own behalf. These are fundamental principles which require no citation of authority. But other principles

have, not been overlooked or disregarded in reaching our decision. Circumstantial evidence may support a verdict of guilty, though it does not exclude every reasonable hypothesis consistent with innocence. *Holland* v. *United States* (1954), 348 U. S. 121, 75 S. Ct. 127, 99 L. Ed. 150. *If it be sufficient to support an inference of guilt and the defendant fails to offer a reasonable explanation consistent with innocence, such failure may be considered by the trier of fact. Wilson* v. *United States* (1896), 162 U. S. 613, 16 S. Ct. 895, 40 L. Ed. 1090; *Jenkins* v. *United States* (4 Cir., 1932), 58 F. 2d 556. It is not necessary, in appraising the sufficiency of the evidence, that this court be convinced beyond a reasonable doubt of the guilt of the defendant. *Bell* v. *United States* (4 Cir., 1950), 185 F. 2d 302. The question is whether the evidence, construed most favorably for the prosecution, is such that a jury (or trial judge) might find the defendant guilty beyond a reasonable doubt. *Bell* v. *United States, supra; United States* v. *Brown* (2 Cir., 1956), 236 F. 2d 403; *Stoppelli* v. *United States* (9th Cir., 1950), 183 F. 2d 391.'' (Emphasis supplied.)

No doubt the above facts motivated the trial court in denying defendant's motion.

In *State* v. *Laskey* (1970), 21 Ohio St. 2d 187, 192, the Supreme Court held that ''the allowance or overruling of various discovery motions in a criminal case rests within the sound discretion of the trial court, and only in cases of clear abuse will that discretion be disturbed on review.'' This case was followed in *State* v. *Kassow* (1971), 28 Ohio St. 2d 141, 148. The trial court in the case at bar did not abuse its discretion in this instance.

The second branch of the first assignment of error represents an unusual request by defendant of the trial court.

The crux of defendant's complaint in this regard is that the testimony of the prosecuting attorney was rendered suspect by the affidavit of a disinterested witness—Rixman.

The prosecuting attorney was called as a witness by defendant. The following questions were put to him by de-

fendant's attorney and the following answers were given.

"Q. Do you know a person by the name of Don Rixman?

"A. Yes I do.

"Q. Do you know his present whereabouts?

"A. No I don't.

"Q. Do you know whether he could be served with a subpoena?

"A. I do not know.

"Q. Does he have a criminal record in this county?

"A. Yes he does.

"Q. Does he make monthly reports to your office?

"A. He's supposed to.

"Q. Have you had conversations with him about this case?

"A. Yes I have."

Defendant attempted to impeach the testimony of the prosecutor by an affidavit of Don Rixman. The pertinent parts of the affidavit are as follows:

"Your affiant further says an hour or so later your affiant was talking with Pence, the unidentified blonde came into the outer office where your affiant was and said, 'Mr. Ball said that you should get out of the building in a hurry. There was trouble over you in the courtroom. He said to get out now—in a hurry.' Your affiant asked what was wrong. This girl, Pence, or someone said, 'If you are in here and Lavelle comes in, you'll be subpoenaed. You don't want to be on the stand, so go.' Your affiant further says that he left the building and the time was approximately 2:30 p. m."

In the first instance, the testimony of the prosecutor on the point was not material, relevant, or germane to any issue before the court. It was not persuasive on any issue. Rhetorically, what difference did it make to the guilt or innocence of defendant whether the prosecutor knew or did not know where Rixman was at a certain time? Such testimony proves nothing relevant to the case. It develops an issue that has nothing to do with the guilt or innocence of defendant.

There was no objection on the part of the prosecutor to taking the witness stand. The prosecutor became the witness of defendant in this instance.

There are certain well defined rules that must be applied to the present situation. The statement must relate to material facts in the case, must be contradictory of, or inconsistent with, the witness' testimony at the trial and tend to disprove, in some degree, the case of the party by whom the witness was called.

Although a party may show that the testimony of an adversary's witness is untrue, he cannot ordinarily impeach his own witness in such manner unless he is surprised or entrapped by the witness and suffers prejudice from his testimony.

Applying these tests, we come to the following conclusions. The statement of the prosecutor did not relate to material facts in this case. They were not contradictory or inconsistent with the prosecutor's testimony. Even if all that is claimed by defendant is true in this regard, it does not, in *any* degree even tend to disprove the case of the party by whom the witness was called.

Here, defendant attempted to· impeach his own witness, the prosecutor. This he cannot do under these circumstances. He must show that he was surprised or entrapped by the witness and suffered prejudice from his testimony. This he has not done.

Defendant was afforded a full and complete opportunity to cross-examine Pence, the witness who testified that he made the "buy" from defendant. It was developed by the evidence that Pence was employed by the Attorney General of the state of Ohio as an undercover agent; that he was 25 years old; that he had attended Georgetown University and was then attending Franklin University Law School and that he had been a senior systems analist in the I. B. M. data processing section in the department of economic security, Frankfort, Kentucky. Defendant, thus, had the opportunity to develop whatever points he desired without let or hindrance, when Pence was on the witness stand.

However, he claims that the prosecution is required to give him, in advance, in response to his request in his bill of particulars, the facts requested therein concerning Pence's background. He makes this request on the basis of fundamental fairness. He relies upon *Brady* v. *Maryland,* 373 U. S. 83.

We interpret *Brady* v. *Maryland* (1963), 373 U. S. 83, and *Giles* v. *Maryland* (1967), 386 U. S. 66, to require a fair use of evidence by a prosecutor, accompanied by a duty to disclose evidence materially favorable to a defendant. We do not read those cases to authoriize extensive pre-trial discovery by the defendant. *E. g., United States* v. *Manhattan Brush Co.* (S. D. N. Y. 1965), 38 F. R. D. 4. Looking back over the trial and the evidence offered by the state, we cannot say that there is any semblance of a fact that the state allowed any false evidence to be admitted (*Napue* v. *Illinois* (1959), 360 U. S. 264), or that evidence materially favorable to the defendant was suppressed or withheld (*Brady* v. *Maryland, supra,* at 87).

There were no inconsistencies in the testimony of Pence and there were none claimed.

And while the prosecution has the duty to disclose, on its own initiative, exculpatory facts within its exclusive control (*United States* v. *Zborowski* [C. C. A. 2, 1959], 271 F. 2d 661), it has no such burden when the facts are readily available to a diligent defender. See *United States* v. *Costello* (C. C. A. 2, 1958), 255 F. 2d 876; *United States* v. *Hiss* (S. D. N. Y., 1952), 107 F. Supp. 128, affirmed 2 Cir., 201 F. 2d 372.

However, it has not been shown that the new evidence sought to be introduced is material to the issues or that a strong probability exists that it would change the result if a new trial is granted, in fact, from the record it is highly speculative, to say the least, that any of the desired goals of defendant could be achieved. Such evidence ordinarily will not support a motion for a new trial.

Defendant has not claimed that Pence made untruthful statements during the trial of the case. However, if defendant had made such claims and proven them, this would

214

not have been sufficient grounds for the trial court to grant a new trial.

The United States Supreme Court, in *Mesarosh* v. *United States* (1956), 352 U. S. 1, at page 9, stated:

"It must be remembered that we are not dealing here with a motion for a new trial initiated by the defense, under Rule 33 of the Federal Rules of Criminal Procedure, 18 U. S. C. A., presenting untruthful statements by a government witness subsequent to the trial as newly discovered evidence affecting his credibility at the trial. Such an allegation by the defense ordinarily will not support a motion for a new trial, because new evidence which is 'merely cumulative or impeaching' is not, according to the oft-repeated statement of the courts, an adequate basis for the grant of a new trial."

See *United States* v. *Rutkin* (C. C. A. 3), 208 F. 2d 647, 654. Even if the defendant were given all the facts of Pence's background, and all of these facts had been received and believed, a different result could not be anticipated.

Defendant has not shown that he has any new evidence. All that can be read into his request is a vague hope that some new evidence might be found. This is not a sufficient basis to sustain the request. See *State* v. *Perry* (1967), 10 Ohio St. 2d 175; *State* v. *Duling* (1970), 21 Ohio St. 2d 13; *United States* v. *Luxenberg* (C. C. A. 6, 1967), 374 F. 2d 241.

The case that comes closest, on the facts, to the one under review is *Hemphill* v. *United States* (C. C. A. 8, 1968), 392 F. 2d 45. In that case, defendant claimed that the prosecution was required under the federal rules of criminal procedure to inform defendant, prior to trial, of the criminal record of a government witness. The court, at page 48 of the opinion, said:

"The assertion that the government should have informed the defendant prior to trial of the criminal record of the government's witnesses is utterly lacking in merit and requires no further comment."

*Hemphill*, on its facts, is a much stronger case in fav-

or of defendant's claim than the present case. The record in the case under review does not show anything concerning Pence other than that he had an unblemished record.

Defendant was not denied the right to cross-examine Pence, nor was he denied any other right or process of the court.

There was no indication that the state has suppressed material evidence favorable to defendant.

It is apparent that defendant was accorded the full protections of the Fifth and Fourteenth Amendments, when, at the trial on the merits, he was permitted to expose all the facts bearing upon his guilt or innocence. Evidence is not suppressed or withheld if the accused has knowledge of the facts and circumstances, or if they otherwise become available to him during the trial.

Defendant stoutly claims that he is entitled to all of the information requested in his bill of particulars, as set out in the first assignment of error.

In the first instance, an application for a bill of particulars is addressed to the sound discretion of the court. *Wong Tai* v. *United States* (1927), 273 U. S. 77. The purpose of a bill of particulars is to inform a defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to prevent surprise, or to plead his acquittal or conviction in bar of another prosecution for the same offense. However, it is not the function of a bill of particulars to enable a defendant to obtain access to evidentiary matters. *Stumbo* v. *United States* (C. C. A. 6, 1937), 90 F. 2d 828, 833, cert. denied 302 U. S. 755. Nor will such a bill be ordered where the information sought is within the knowledge of the defendant, or is information which he has had equal opportunity with the state of Ohio to discover.

Taking defendant's motion for a new trial on the basis of newly discovered evidence at face value, we are confronted with the following facts: Defendant did not produce any evidence denying the sale or possession for sale of marijuana; His defense was an alibi based upon

the testimony of seven of his friends; No direct denial of the sale or possession for sale of the marijuana was made by defendant or any of his witnesses.

Defendant relies on *Brady* v. *Maryland* (1963), 373 U. S. 83 and *Giles* v. *Maryland* (1967), 386 U. S. 66. However, we are of the opinion that the principles announced in *Shotwell Mfg. Co.* v. *United States* (1963), 371 U. S. 341 are controlling in this case. The United States Supreme Court stated, at pages 356 and 357 of the opinion, as follows:

"We think the District Court was fully justified in finding that Huebner's testimony 'at the supplemental hearing is reasonably consistent and compatible with the testimony given by the government witnesses at the trial regarding these (black-market) payments,' and that it 'tends to corroborate Lubben's testimony.'

"Such findings, made as they were in connection with what in effect was a motion for a new trial on newly discovered evidence, must 'remain undisturbed except for most extraordinary circumstances.' *United States* v. *Johnson*, 327 U. S. 106, 111, 90 L. Ed. 562, 66 S. Ct. 464. We find none here. This is not a case, as were *Mesarosh* v. *United States*, 352 U. S. 1, 1 L. Ed. 2d 1, 77 S. Ct. 1, and *Communist Party of United States* v. *Subversive Activities Control Board*, 351 U. S. 115, 100 L. Ed 1003, 76 S. Ct. 663, where a conviction may be regarded or is conceded to have rested on perjured testimony. To overturn the denial of a new trial in this case by the two lower courts would be tantamount to saying that any subsequently discovered inaccuracy in the testimony of an important trial witness, which might have affected his credibility in the eyes of the jury, would entitle a convicted defendant to a new trial. We cannot so hold."

We, therefore, hold that the findings and rulings of the trial court under the facts of this case must remain undisturbed. There was no perjured testimony and none claimed. There was, at most, only a vague and speculative hope that defendant might discover something derogatory concerning Pence.

Defendant had his opportunity to cross examine Pence and, having done so without let or hindrance, waived any right to further cross-examination.

Defendant has not pinpointed his ground for error, but has adopted the shot gun approach, saying in effect: "If the prosecution knows anything about Pence's back-ground that is derogatory please relay it to me so that I can use it to discredit Pence in the eyes of the jury when my case is retried." The United States Supreme Court in *Shotwell, supra,* stated that, under these circumstances, defendant is not entitled to his request for a new trial on the basis of newly discovered evidence.

There is reliable, substantial, and probative evidence in the record that defendant sold marijuana to Pence.

Therefore, we can not conceive of any fact which the state, by way of a bill of particulars or by way of making the allegations of the indictment definite and certain, could have furnished defendant information concerning the offense with which he was charged that was not already locked in his own breast. See *State* v. *Anderson* (1941), 10 Wash. 2d 167, 180, 116 P. 2d 346.

Defendant is entitled to a bill of particulars only when the particular facts of the case warrant it.

In *Foutty* v. *Maxwell,* 174 Ohio St. 35, 38, the court said:

"The basic purpose of the bill of particulars is not to reveal the state's evidence but simply to state specifically the nature of the offense charged."

In *State* v. *DeRighter* (1945), 145 Ohio St. 552, at page 556, it is stated:

"Hence, it is clear that the purpose of a bill of particulars is not to disclose the state's evidence but simply to state specifically the nature of the offense charged. When this is stated in the indictment the accused is entitled to no bill of particulars * * *."

In *Boynton* v. *Sacks* (1962), 173 Ohio St. 526, 529, 530 the court said:

"The purpose of an indictment is to inform the accused of the nature of the offense with which he is charged.

*Holt* v. *State,* 107 Ohio St. 307. If the indictment does this then the court does not abuse its discretion in failing to order a bill of particulars. With these rules in mind we will now consider the counts in the indictment.

"* * * Clearly, this count informed the petitioner of the specific nature of the offense charged, and failure to furnish him with a bill of particulars would not constitute prejudicial error even on an appeal."

Clearly, in this instance, the request contained in the bill of particulars was a request for the prosecution to furnish defendant evidence and it was *not* for the purpose of informing defendant of the nature of the charge against him to enable him to prepare for trial. It certainly was not for the purpose of preventing surprise, or to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense. These are the tests to be met by defendant in his demand for a bill of particulars. He has not met them.

In the light of the above authority, we cannot say that it affirmatively appears from the record that the accused was prejudiced by error or prevented from having a fair trial. *State* v. *Petro* (1947), 148 Ohio St. 473.

The trial court did not err in overruling defendant's motion for a new trial on the basis of newly discovered evidence. In *State* v. *Petro* (1947), 148 Ohio St. 505, the Supreme Court, in the syllabus, stated:

"To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. * * *"

Defendant did not meet the tests for a new trial as stated above.

It is not for a reviewing court to weigh evidence or

to determine the credibility of witnesses. The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. We specifically find that there was substantial evidence to support the verdict of the jury.

Defendant attempted to establish an alibi. Pence established the time when the sale was made. Seven acquaintances of defendant testified on behalf of defendant to establish the alibi. There was a conflict of evidence in that respect. The jury resolved it. There was substantial evidence to sustain that verdict.

We find no prejudicial error among those assigned and argued. Therefore the judgment is affirmed.

*Judgment affirmed.*

ABELE, P. J., concurs.
STEPHENSON, J., concurs in the judgment only.