**In re JASON R., a Minor.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Division.

No. 9502795/9304146.

Decided Dec. 14, 1995.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, for the state.
*Scott Roger Hurley*, Cuyahoga County Assistant Public Defender, for Jason R.

KENNETH A. ROCCO, Judge.

## I.  INTRODUCTION

On December 14, 1995, a dispositional hearing came before this court in the matter of Jason R.  Jason attended the prior adjudicatory hearing with his mother and defense counsel on July 31, 1995, at which time Jason was found delinquent on a charge of attempted drug trafficking.  This court continued the case for a dispositional hearing.  Notice of a dispositional hearing scheduled for December 14, 1995, was served on Jason's mother, defense counsel, and parole officer on November 17, 1995.  On the date of the scheduled dispositional hearing, this court noted that although Jason's mother, defense counsel, and

parole officer were present, Jason was absent from this hearing. When this court inquired as to the reason for Jason's absence, the trial record reflects the following relevant exchange between this court and Jason's mother.

"Judge: Jason is not here, is that correct?

"Defense Counsel: That is correct, your honor.

"Judge: Mother, is there any particular reason that Jason is not here?

"Mother: He would not come. Um, he was brought home right after I got home from work last night * * * picked up by a private detective for being out on the street, selling his little drugs for the amount of $615, and a week before that he was picked up again on a Friday night * * * took him to First District. * * *

"Judge: (Interrupting) Well, so, he knows about this hearing and * * *

"Mother: (Interrupting) He knows and he will not come."

Defense counsel moved to continue until Jason was present for the dispositional hearing. Upon denying the motion, this court ordered that a capias be issued for Jason's arrest. This court further ordered that upon arrest, Jason be committed to the Ohio Department of Youth Services pursuant to R.C. 2151.355(A)(4).

Jason filed a timely motion for this court to reconsider its disposition in his absence. Through this motion, Jason asserted that proceeding with the dispositional hearing in his absence violated his right to be present as required by due process, Ohio Juv.R. 27 and 34(J), Ohio Crim.R. 43, and Jason's right of allocution.

On February 6, 1996, this court held an oral hearing on Jason's motion to reconsider. At the oral hearing, this court read aloud the transcript statements from the dispositional hearing on December 14, 1995, through which Jason's mother disclosed Jason's knowledge and blatant disregard of the dispositional hearing. This court then asked Jason if these statements by his mother regarding his absence from the dispositional hearing were accurate. Upon consulting with counsel, Jason acknowledged that the statements regarding his absence were accurate.

II. DISCUSSION

The issue before this court is whether proceeding with a dispositional hearing in Jason's absence violated his right to be present at the dispositional phase of the proceedings against him. Jason has asserted several bases for contending that a dispositional hearing may not proceed in his absence. Jason argues that a dispositional hearing held in his absence violates due process, Juv.R. 27 and 34(J), Crim.R. 43, and Jason's right of allocution. This court will address each basis

individually, with the exception of Crim.R. 43, which governs adult criminal proceedings and thus will not be addressed by this court.

A.  Proceeding with the dispositional hearing where Jason had notice of the hearing and blatantly disregarded the hearing does not violate due process because Jason's disregard of the hearing acted as an effective waiver of his right to be present.

In addressing the due process rights of an adult criminal defendant, the Supreme Court of the United States has held that due process requires, *inter alia*, that a defendant in a criminal proceeding be present at all stages of his trial.[1]  The court has further characterized this right to be present at every stage of a trial as "one of the most basic of the rights guaranteed by the [Sixth Amendment] Confrontation Clause."[2]  The Supreme Court of Ohio has also recognized that this right to be present encompassed by the right of confrontation is a fundamental right of an accused.[3]

In *In re Gault*,[4] the Supreme Court of the United States considered the applicability of criminal due process requirements, including the right of confrontation, in juvenile proceedings.  The *Gault* court held that the Due Process Clause of the Fourteenth Amendment applies when a child is charged with misconduct for which he may be incarcerated in an institution, so the child is entitled to notice of the charges, counsel, *confrontation and cross-examination*, and the privilege against self-incrimination.[5]  Thus, the right to be present at every stage of a trial, as encompassed by the right of confrontation, applies to both adult criminal trials and juvenile proceedings.

Although due process includes the right of an accused to be present at every stage of a trial, the Supreme Court has held that certain conduct by an accused may constitute a waiver of the accused's right to be present.  In *Illinois v. Allen, supra*, the trial judge excluded the petitioner from the courtroom where the petitioner remained belligerent in the courtroom despite warnings from the trial judge.  Affirming the petitioner's conviction, the *Allen* court held that although the petitioner did have a right to be present at all stages of the trial, the

---

1.  See *Diaz v. United States* (1912), 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500.

2.  *Illinois v. Allen* (1970), 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, 356.  See, also, *In re Oliver* (1948), 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682.

3.  See *State v. Williams* (1983), 6 Ohio St.3d 281, 6 OBR 345, 452 N.E.2d 1323.

4.  387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

5.  *Id.* at 27–31, 87 S.Ct. at 1443–1445, 18 L.Ed.2d at 545–548.

petitioner waived his right to be present through his continued belligerence in the courtroom.[6]

In *Taylor v. United States*,[7] the Supreme Court addressed the effect of an accused's voluntary absence from trial after the trial has commenced in his presence. In *Taylor*, the trial court proceeded with trial when the petitioner did not return from lunch for the afternoon court session. The court affirmed the petitioner's conviction, holding that by not returning for the afternoon session of the trial, the petitioner waived his right to be present.[8] The *Taylor* court relied on its rationale in *Diaz v. United States, supra,* to assert that the petitioner voluntarily absented himself from the trial, thus waiving his right to be present.[9] Although the petitioner argued that mere voluntary absence from his trial did not act as an effective waiver because the petitioner did not intentionally relinquish a known right, the court rejected this argument, stating that "[p]etitioner had no right to interrupt the trial by his voluntary absence, as he implicitly concedes by urging only that he should have been warned that no such right existed and that the trial would proceed in his absence." [10]

The *Taylor* decision is most analogous to the case before this court. As reflected by the trial record, Jason attended the prior proceedings against him, including the adjudicatory hearing. By virtue of his mother's testimony at the dispositional hearing, Jason had notice and knowledge of the scheduled dispositional hearing, yet chose not to attend. Thus, by the *Taylor* rationale, Jason waived his right to be present at the dispositional hearing through his voluntary absence.

B. Although the language of Juv.R. 27 and 34(J) echoes Jason's due process right to be present at the dispositional hearing, Jason waived this right by blatantly disregarding the hearing after receiving adequate notice.

---

**6.** *Id.* at 342, 90 S.Ct. at 1060, 25 L.Ed.2d at 358.

**7.** 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174.

**8.** *Id.* at 20, 94 S.Ct. at 196, 38 L.Ed.2d at 177–178.

**9.** In *Diaz*, the court addressed the effect of an accused's voluntary absence from his trial on the accused's right to be present. The court stated:
"Where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present *and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."* (Emphasis added.) 223 U.S. at 455, 32 S.Ct. at 254, 56 L.Ed. at 505.

**10.** 414 U.S. at 20, 94 S.Ct. at 196, 38 L.Ed.2d at 177.

■ Jason contends that proceeding with the dispositional hearing in his absence offends Juv.R. 27 and 34(J). Jason relies on the language of these rules which implies Jason's due process right to be present at the dispositional hearing.

Jason argues that the language of Juv.R. 27(A) implicitly mandates that a juvenile's attendance at the dispositional phase of a delinquency proceeding may not be excused.[11] While this court concedes that a juvenile may not be arbitrarily excluded from a dispositional hearing in a delinquency proceeding, this court must reiterate that Jason knowingly refused to be present for the scheduled hearing after receiving sufficient notice, thus constituting a waiver of his right to be present.

Similarly, Jason asserts that the language of Juv.R. 34(J) implicitly assumes the presence of the child at disposition.[12] Again, based on Jason's mother's testimony at the dispositional hearing, Jason knew about the scheduled hearing but refused to attend. Jason's refusal to attend the dispositional hearing acted as an effective waiver of his right to be present.

C. Proceeding with the dispositional hearing in Jason's absence did not violate Jason's right of allocution, where Jason waived his right to be present, thus waiving his right to address the court passing judgment upon him.

■ This court concedes that an accused's right of allocution, affording an accused the opportunity to address the court passing judgment upon him, is necessarily dependent on the presence of the accused at sentencing. However, for the reasons outlined in the discussion of Jason's due process right to be present, and the implication of this right to be present in the language of Juv.R. 27 and 34(J), Jason had the opportunity to be present and to address this court at disposition but effectively waived this right through his disregard of the hearing.

## II. CONCLUSION

For the foregoing reasons, Jason's motion to reconsider disposition in Jason's absence is overruled.

So ordered.

*Judgment accordingly.*

---

**11.** Juv.R. 27(A), addressing a juvenile's presence at a dispositional hearing, provides that "[t]he court may excuse the attendance of the child at the hearing in neglect, dependency, or abuse cases."

**12.** Juv.R. 34(J) provides: "At the conclusion of the [dispositional] hearing the court shall advise the child of the child's right to record expungement and, where any part of the proceeding was contested, advise the parties of the right to appeal."