OPINION
Appellant David Allen Butcher appeals his conviction and sentence in the Stark County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
On May 26, 2001, appellant was indicted on two counts of unlawful sexual conduct with a minor (R.C. 2907.04), one count of corruption of a minor (R.C. 2907.04), one count of importuning (R.C. 2907.07), and one count of sexual imposition (R.C. 2907.06). Appellant entered pleas of not guilty to all counts. On June 4, 2001, appellant filed a request for discovery and a request for a bill of particulars. The state duly filed responses to both, indicating, inter alia, that Count One (unlawful sexual conduct) took place as a continuing course of conduct, i.e., engaging in fellatio with a thirteen-year-old minor, from October 18, 2000, to December 31, 2000, while Count Three (corruption of a minor) took place as a continuing course of conduct in the form of fellatio from June 1, 2000, to October 17, 2000.[1] Counts Two, Four, and Five were alleged to have occurred on individual dates. On June 26, 2001, appellant filed a motion for a more specific bill of particulars. On July 16, 2001, dissatisfied with the state's response, appellant filed a written reply and request for a hearing, maintaining that state's failure to provide specific dates of the alleged offenses in Counts One and Three violated his constitutional rights. Appellant further maintained that the sexual imposition charge should be merged with the importuning charge for sentencing purposes. Nonetheless, the trial court overruled appellant's motions without a hearing.
On July 23, 2001, appellant entered pleas of no contest to all charges. The court thereupon sentenced appellant to a definite term of four years on count one; a definite term of four years on count two, to run consecutive to count one; a definite term of seventeen months on count three, to run concurrently; and a definite term of sixty days on count five.
Appellant timely appealed and herein raises the following two Assignments of Error:
 "I. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL (SIC) RULING WITHOUT HEARING OR OPINION THAT THE STATE MAY BIFURCATE THE SINGLE CONTINUING COURSE OF CONDUCT SET FORTH IN THE PLEADINGS INTO TWO SEPARATE AND DISTINCT CRIMES FOR PURPOSES OF CHARGING AND SENTENCING WHEN THE STATE CANNOT PROVIDE SPECIFIC DATES AS TO ANY CRIMINAL ACT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 "II. AS THE STATE FAILED TO PRESENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT, AND THE TRIAL COURT FAILED TO CONDUCT A HEARING TO DETERMINE THAT A SEPARATE AMICUS EXISTED FOR THE CHARGES SET FOURTH (SIC) IN COUNT FOUR AND COUNT FIVE OF THE INDICTMENT, THE APPELLANT CANNOT BE CONVICTED AND SENTENCED FOR BOTH OFFENSES PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE 1
SECTION 10 OF THE OHIO CONSTITUTION AND SECTION 2941.25
OF THE OHIO REVISED CODE."
 I.
In his First Assignment of Error, appellant contends that he was denied his right to due process where the trial court allowed the state to charge separate counts (Counts One and Three) even though there existed a lack of specificity on the dates of the alleged sexual activity. We disagree.
A defendant's right to appeal is decidedly limited where a no contest plea is entered. State v. Cianci,Lorain App. No. 3947, 1986 WL 6675. However, Crim.R. 12 includes provisions allowing the appeal of improper pretrial rulings where judgment was entered on a no contest plea. Id., citing State v. Luna (1982), 2 Ohio St.3d 57. The crux of appellant's argument is that the trial court's denial of a more specific bill of particulars failed to recognize his concerns that (1) the charges may have been duplicitous; (2) the jury's unanimity could be called into question; and (3) the state may have bifurcated one crime into two in order to obtain higher sentences.
Whether a bill of particulars provides greater detail to the charge contained in the indictment is a matter left to the sound discretion of the trial judge. State v. Lewis (1993), 85 Ohio App.3d 29, 32, citingState v. Clay (1972), 29 Ohio App.2d 206, 58 O.O.2d 364, 280 N.E.2d 385. Therefore, our analysis centers on whether the trial court abused its discretion in overruling appellant's motion for a more specific bill of particulars. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
In State v. Sellards (1985), 17 Ohio St.3d 169, the Supreme Court held precise times and dates of an offense are ordinarily not material elements, and as a general rule it is sufficient to prove the alleged offense occurred at or about the time charged in the indictment. A certain degree of inexactitude is not fatal to the prosecution unless the accused can demonstrate the absence of specific dates prejudiced his ability to fairly defend himself, or that the state deliberately withheld information regarding the precise dates. Id. In its response to appellant's motion, the state asserted that it could not supply the defense with more specific time frames, as the thirteen-year-old victim maintained that the offenses underlying Counts One and Three occurred at least once per week over the periods in question, before and after the legislative changes to R.C. 2907.04. Under such circumstances, we are unpersuaded that the trial court abused its discretion in its implicit determination that the bill of particulars was sufficient to permit appellant to understand the nature of the charges against which he had to defend. Likewise, we are unpersuaded that the absence of specific dates prejudiced appellant's ability to fairly defend himself under the facts and circumstances presented.
Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant argues that the trial court erred by failing to hold a hearing to determine that a separate amicus existed for the offenses of importuning (Count Four) and sexual imposition (Count Five). We disagree.
R.C. 2941.25 addresses crimes of similar import and provides as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
In the case of State v. Mitchell (1983), 6 Ohio St.3d 416, the Ohio Supreme Court set forth a two-step test to determine whether crimes are allied offenses of similar import. The Court explained the test as follows:
 "The first step requires a comparison of the elements with which the defendant is charged. Allied offenses of similar import are those offenses whose elements correspond to such a degree that the commission of one offense will result in the commission of the other. [Citation omitted]. * * * In the event that the court finds the offenses being compared are allied offenses of similar import, it must proceed to the second step of analysis which is indicated under R.C. 2941.25(B). This level of inquiry involves a review of the defendant's conduct for a determination as to whether the offenses were committed separately or with a separate animus as to each. If the offenses were so committed, the defendant may be convicted of them all." Id. at 418.
In the case of State v. Rance (1999), 85 Ohio St.3d 632, 638, the Ohio Supreme Court clarified that the statutory elements must be compared in the abstract, without reference to the particular facts of the case. The Court explained: "But contrary to the approach taken by the court of appeals, we today clarify that under an R.C. 2941.25(A) analysis the statutorily defined elements of the offenses that are claimed to be of similar import are compared in the abstract. * * * Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" [Citations omitted].
R.C. 2907.04 reads in pertinent part: "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies: * * * (4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person."
R.C. 2907.07 reads in pertinent part: "(C) No person shall solicit another, not the spouse of the offender, to engage in sexual conduct with the offender, when the offender is eighteen years of age or older and four or more years older than the other person, and the other person is over twelve but less than sixteen years of age, whether or not the offender knows the age of the other person."
"Solicit" is defined as "to entice, urge, lure or ask." State v. Swann
(2002), 142 Ohio App.3d 88, 89, 753 N.E.2d 984, citing 4 Ohio Jury Instructions (1997) 199, Section 507.24. Viewing the aforesaid elements in the abstract, we are unpersuaded that the commission of importuning by soliciting would necessarily result in the offense of sexual imposition, nor would the commission of sexual imposition by engaging in sexual contact with a person thirteen years of age or older but less than sixteen years of age necessarily result in or involve soliciting by the perpetrator.
Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs are assessed to appellant.
[1] On October 17, 2000, R.C. 2907.04 was rewritten by the General Assembly. The name of the offense was changed from Corruption of a Minor to Unlawful Sexual Conduct with a Minor. Additionally, the revised version added a provision elevating the offense from an F4 to an F3 where the perpetrator is at least ten years older than the victim.