JOURNAL ENTRY AND OPINION
{¶ 1} Fourteen-year-old defendant-appellant R. W. appeals the trial court's finding of delinquency for burglary and the discrepancy between the journalized terms of his commitment for that burglary and the term stated at the dispositional hearing.[1] Between 11:00 p.m. and 5:30 a.m. on a summer night, the victim's house was broken into and her purse, tools, C.D. player and various other items were stolen. Her car and house key were also missing. The victim reported the thefts to the police. Several days later, while sitting on their porch a couple saw a child driving a car and questioned him and his young companion but did not believe their explanation. The couple called the police, who discovered that the car belonged to the victim.
 {¶ 2} The couple described the children to the police and they subsequently identified the driver of the car as defendant. The police arrested two minors, and then arrested three more minors, who were found to have some of the victim's items in their possession. The key to the victim's house was found at defendant's home.
 {¶ 3} The minors engaged in finger-pointing at each other as to who actually broke into the victim's house. One of them, after he had admitted to the charges and was already confined, testified that defendant was the one who actually entered the house, but another minor denied this accusation.
 {¶ 4} A few days before his adjudicatory hearing, defendant ran away from his confinement at Jones Home. At the adjudicatory hearing, he admitted the charge of receiving stolen property but denied the burglary charge. The court nonetheless found him delinquent for burglary and set the dispositional hearing for several days later.
 {¶ 5} At his dispositional hearing, the court addressed defendant's added escape charge as well as the sentencing for his robbery and receiving stolen property charge. He admitted to attempted escape and the court told him: "I could lock you up for what, a minimum of two years? But on file, I'll 7529 the escape, the felony four, the attempted escape. I'm going to commit you to the Ohio Department of Youth Services on that. It is a minimum of six months.
 {¶ 6} "They can hold you till you reach the age of twenty-one (21). * * * That will be deferred to this file for this disposition. Andthen the 5513 [the burglary charge] is a referral to victim aid, if and when you are ever in a position to pay some damages on the car, you will.
 {¶ 7} "There is a suspended ODYS commitment there. And further disposition, it is referred to the 7529." Tr. September 24, 2001, at 10-11. Emphasis added.
 {¶ 8} This hearing was journalized on October 3, 2001. The journal entry differed, however, from the statements the court made at the hearing concerning the possible length of confinement. It states: "the child is committed to the legal care and custody of the Ohio Department of Youth Services pursuant to Section 2151.355(A)(5)(a) of the Ohio Revised Code for institutionalization in a secure facility for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed the child's attainment of the age of twenty-one (21) years."
 {¶ 9} Defendant appealed, stating two assignments of error. For his first assignment of error, defendant states:
 {¶ 10} "I. The trial court violated [R. W.]'S right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it adjudicated him delinquent of burglary, when that finding was against the manifest weight of the evidence."
 {¶ 11} Defendant observes that only one witness stated he was the person who actually entered the victim's home, whereas all the other witnesses said either he was not involved or he never left his mother's home during the time the robbery took place. Therefore, he argues, the court's findings that he was guilty of robbery was against the manifest weight of the evidence.
 {¶ 12} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * * Black's [Law Dictionary (6 Ed. 1990)] at 1594.
 {¶ 13} "`When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs,457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v.Martin (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. Rep. 215, 219,485 N.E.2d 717, 720-721 (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')." State v. Thompkins (1997), 78 Ohio St.3d 380, at 387.[2]
 {¶ 14} In the case at bar, the testimony of most of the witnesses who claimed that defendant had been at home at the time of the robbery was not disinterested: they included his mother, his sister, and his sister's friend. All three of his alibi witnesses admitted on cross-examination, moreover, that he was not within their sight for the entire night. The girls were in a bedroom; and the mother stated that, although the children were asleep when she went to sleep and were sleeping in the same places when she awoke, they could have left the house while she was sleeping and returned to the same spots.
 {¶ 15} Defendant attempts to convince this court that the one eye-witness, the co-defendant who said he saw defendant inside the house, was not credible. This witness, however, had already admitted to the robbery and had his commitment imposed on him. He had nothing to gain, therefore, by testifying against defendant.
 {¶ 16} Given the record before us, we cannot say that the trial court "clearly lost its way." Thompkins, supra. None of the defendants would have been a solid witness. Moreover, there is the additional evidence, albeit circumstantial, that defendant admitted to receiving the stolen property and he was found in possession of the car. Upon review of the entire record, we cannot say that finding him delinquent for robbery was against the manifest weight of the evidence. The first assignment of error is without merit.
 {¶ 17} For his second assignment of error, defendant states:
 {¶ 18} "II. The trial court erred when it failed to enter a disposition on the record in [R. W.]'S presence at the conclusion of the dispositional hearing in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, Crim.R. 43, and Juv.R. 29."
 {¶ 19} Defendant argues that because the sentence in the judgment entry — a minimum confinement of one year — is longer than the six months pronounced at the hearing, his due process rights have been violated per Crim.R. 43 and Juv.R. 29(F).
 {¶ 20} Crim.R. 43 states in pertinent part: "The defendant shall be present at * * * every stage of trial, including * * * the imposition of sentence * * *." Crim.R. 43(A).
 {¶ 21} A juvenile has a right to due process just as an adult charged with the same crime has, including written notice of the charges, the right to counsel, the right to confront witnesses, and the right to refuse to incriminate himself. In re Gault (1967), 387 U.S. 1.
 {¶ 22} In a recent case, the Ohio Supreme Court noted that "the characterization of delinquency proceedings as civil is one of limited applicability. While this court has held, in In re Anderson (2001),92 Ohio St.3d 63, 748 N.E.2d 67, syllabus, that a juvenile court proceeding generally is a civil action, this court also noted that `there are criminal aspects to juvenile court proceedings' and that `the United States Supreme Court has carefully imposed basic due process requirements on [the juvenile justice system].' Id. at 66 and 65, 748 N.E.2d 67." Inre Cross (2002), 96 Ohio St.3d 328, 2002 Ohio 4183, at ¶ 21.
 {¶ 23} When a juvenile's liberty rights are at issue, therefore, his due process rights are in full force. Id. ¶ 22, 24. This court has also held that a juvenile's rights to be present at all stages of his hearing, including the dispositional hearing, are equivalent to those of an adult. In re Shubutidze, (Mar. 8, 2001), Cuyahoga App. No. 77879, 2001-Ohio-1996. See also, In re Jason R, a minor (1995),77 Ohio Misc.2d 37; In the matter of Jermaine Ruth, (June 19, 1998), Ashtabula App. No. 96-A-0086, 1998-Ohio-2773, followingJason R.
 {¶ 24} The courts have consistently held that an adult must be present at a hearing when any modification to a sentence is made. "A trial court may change the terms of a sentence at anytime before the sentence is journalized, provided the court conducts a hearing in defendant's presence as contemplated by Crim.R. 43(A)." State v. Jones, Franklin App. No. 98-AP-1248, 1999-Ohio-1248, at *5.
 {¶ 25} When, however, "the trial court modifies in defendant's absence a sentence articulated in open court before journalizing the sentence, a judgment entry reflecting the modification is invalid. * * * Thus, a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry requires a remand for sentencing, but not necessarily the sentence originally stated in open court." Id. at *5-6. Citations omitted. See also, State v. Skaggs, Cuyahoga App. No. 56714, 2000-Ohio-4947; State v. Ranieri (1992),84 Ohio App.3d 432; State v. Hess, Jefferson App. No. 00-JE-40, 2001-Ohio-1850; Columbus v. Rowland (1981), 2 Ohio App.3d 144 ("Crim.R. 43(A) specifically requires that the defendant be present at every stage of the proceedings, including the imposition of a sentence, and this applies to where one sentence is vacated and a new sentence imposed.")
 {¶ 26} A juvenile defendant has the same right to be present for a hearing whenever his sentence is changed from the one stated at his dispositional hearing. See In re: Jennifer DaCosta, Lorain App. No. 01CA007877, 2002-Ohio-946 ("Delinquents should be present and accorded a hearing when their term of commitment is amended.")
 {¶ 27} Because defendant was not present when the trial court imposed the one-year confinement stated in the judgment entry, the sentence is vacated and the case remanded to the trial court for resentencing in compliance with Crim.R. 43.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] After initially dismissing this case for failure to file a timely appeal, App.R. 4(A), this court granted defendant's motion for reconsideration pursuant to In re Anderson (2001), 92 Ohio St.3d 63, because the trial court failed to mail the disposition to the parties.
[2] {¶ a} The state cites State v. Walker for the proposition: "where there is a conflict of evidence, the [factfinder] is to resolve the conflict, and its judgment will be affirmed if there is substantial evidence which, if accredited, would prove all elements of the crime.State v. Clay (1972), 29 Ohio App.2d 206, affirmed State v. Clay, supra (34 Ohio St.2d 250)." State v. Walker (1978), 55 Ohio St.2d 208, 213.
{¶ b} More recent case law, however, has refined the reviewing court's approach to this issue. As the Ohio Supreme Court explained: "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." Statev. Thompkins, supra, citing State v. Robinson (1955), 162 Ohio St. 486,487, 55 Ohio Op. at 388-389.