THE STATE OF OHIO, APPELLEE, *v.* BAUMGARDEN, APPELLANT.

(No. CA87-11-090—Decided June 27, 1988.)

*Timothy A. Oliver,* prosecuting attorney, and *David E. Ernst,* for appellee.

*James N. Perry,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

This is an appeal by defendant-appellant, Donald Baumgarden, from his conviction of theft by deception.

On August 14, 1986, appellant was indicted by the Warren County Grand Jury and charged with stealing $54,046.75 from Cedar City Motors, Inc. ("Cedar City") through deception. Underlying this indictment was a claim that during a thirty-one month period between 1983 and 1986 when he was Cedar City's general manager, appellant had improperly written himself thirty-five checks from company funds totaling $54,046.75.

Upon being arraigned on the indictment, appellant entered a plea of not guilty. Following extensive discovery proceedings, appellant's case came on for trial on September 28, 1987. Before that trial began, however, appellant waived his right to trial by jury and agreed to a bench trial. After hearing the evidence and the arguments of counsel, the court found appellant guilty as charged. Following his sentencing, he filed the instant appeal.

In his brief appellant lists three assignments of error:

First Assignment of Error:

"The evidence is legally insufficient to support a verdict of guilty for the offense of theft by deception."

Second Assignment of Error:

"The trial court erred in overruling Baumgarden's Crim. R. 29 motion for acquittal made at the end of the state's rebuttal testimony."

Third Assignment of Error:

"The verdict of the trial court is against the manifest weight of the evidence and the verdict must be reversed."

Appellant's first and second assignments of error are essentially identical in that they both claim the evidence which brought about the conviction *sub judice* was legally insufficient to sustain it. Accordingly, we will consider appellant's first and second assignments of error together.

In support of this insufficiency argument appellant asserts that the evidence at his trial: (1) fails to include any showing that he intended to permanently deprive Cedar City of the $54,046.75 he received from the thirty-five checks written against company accounts, and (2) fails to demonstrate appellant committed any theft by deception because the checks he wrote and the money he received were always matters of record on the company books. We find his second argument to have merit and accordingly sustain appellant's first and second assignments of error.

The indictment against appellant charged that he stole $54,046.75 from Cedar City through deception. In order to prove its case, the state was required to produce evidence from which a reasonable trier of fact could conclude appellant was guilty beyond a reasonable doubt. *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261, 9 O.O. 3d 401, 381 N.E. 2d 184. Consequently, if the state failed to produce evidence upon which a reasonable trier of fact could find appellant was guilty beyond a reasonable doubt of theft by deception, a directed verdict was in order. Crim. R. 29(A); *State* v. *Helferich* (Apr. 20, 1987), Clermont App. No. CA85-12-110, unreported.

The record before us does not convince us a reasonable trier of fact could have concluded that all the elements of theft by deception were proven beyond a reasonable doubt in this case. The trial transcript shows that during a thirty-one month period appellant wrote himself thirty-five checks which were always recorded on the company's books. Consequently, the amount appellant allegedly stole was clearly carried on the company balance sheet either as a prepaid expense or as an account receivable throughout the period in which the deception allegedly occurred. These checks as well as the company's books and records created an accounting and auditing trail anyone might follow. Melissa Knoop, Cedar City's owner, and the state contend appellant stole the money the thifty-five checks represent because Knoop trusted appellant to run Cedar City and did not discover the checks until appellant was no longer with the company. However, the fact that the checks and company records showing appellant received the money were always available to anyone who wished to examine them, including Knoop, convinces us no reasonable trier of fact could conclude beyond a reasonable doubt that Knoop was deceived by appellant because his check writing was evident in Cedar City's records. Knoop's testimony that she trusted appellant and did not closely oversee his management of Cedar City does not prove appellant deceived her but merely shows that she was unaware of and did not approve his actions.

Our conclusion that the evidence before us is insufficient to support appellant's conviction is further supported by the fact that the trial testimony shows without question that a bonus plan existed for appellant's benefit but there was a genuine dispute as to how much money he was entitled to receive (due to different methods of computing Cedar City's net profit).

Viewing the evidence adduced at appellant's trial in its totality, we are

unable to say that after hearing the evidence a reasonable trier of fact could have concluded beyond a reasonable doubt that appellant employed deception in order to steal over $50,000 from Cedar City. While Knoop may not have expressly or impliedly authorized appellant to write these checks without her knowledge and consent, that is not the offense with which he was charged nor is it the offense of which he was convicted.[1] Appellant's first and second assignments of error are therefore sustained.

For his third assignment of error appellant alleges his conviction is against the manifest weight of the evidence because the theory of the state's case and the evidence presented were not consistent with the offense of theft by deception. We agree and sustain this assignment of error for the reasons set forth above.

Appellant's three assignments of error are sustained. His conviction is reversed and he is discharged.

*Judgment reversed.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.

---

[1] We express no opinion as to whether the trial court's overruling of the state's motion at the close of its case in chief to amend the indictment to allege theft beyond the express or implied consent of the owner (see R.C. 2913.02[A][2]) was proper or improper. See *State* v. *Woody* (1986), 29 Ohio App. 3d 364, 29 OBR 493, 505 N.E. 2d 646; *State* v. *Hunter* (1983), 12 Ohio App. 3d 75, 78, 12 OBR 273, 277, 466 N.E. 2d 183, 188. We merely note that such a motion was made and overruled below.