The STATE of Ohio, Appellee,

v.

LEWIS, Appellant.

[Cite as *State v. Lewis* (1993), 85 Ohio App.3d 29.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–42.

Decided Jan. 7, 1993.

30

*Catherine D. Goldman,* Special Prosecutor, for appellee.

*McClure, McClure & Kammen* and *Richard Kammen,* for appellant.

HADLEY, Presiding Judge.

Defendant-appellant, Gary D. Lewis, appeals from a judgment entry of conviction filed in the Allen County Court of Common Pleas, after a jury returned a verdict finding appellant guilty of aggravated theft, pursuant to R.C. 2913.02.

The testimony at trial elicited the following facts. Frances Shepherd ("Shepherd") became acquainted with appellant sometime prior to 1982 after appellant, in his capacity as a city of Lima police officer, responded to Shepherd's phone

calls to check on her house.[1]   After appellant began responding to Shepherd's phone calls, he began doing security work for Shepherd, checking on the "prowlers" when not on duty.   Also, Shepherd owned numerous rental properties in Lima and Kenton, which Lewis assisted her in repairing.

During the time period beginning in 1982 through 1989, the prosecution produced checks which Shepherd wrote to appellant, Tim Brandehoff ("Brandehoff"), a friend of appellant who was also a Lima police officer, Brandehoff's wife, and appellant's brother, Larry Lewis.   The prosecution also produced checks which were made out to Shepherd, signed by her, and then endorsed by appellant.   All of these checks amounted to over $200,000.   Testimony indicated that the majority of the amount of checks Shepherd wrote to persons other than appellant actually went to appellant.   Appellant's theory of defense was that he received the money in return for the security work and repair work he did on the rental properties, and also as gifts.   Shepherd's testimony indicated that she intended and wanted to give appellant this money.   She also indicated that she did not want her niece to receive any of this money.

On January 2, 1990, Shepherd was found by appellant and her niece's husband in her home where she had fallen.   Upon finding her, the niece was informed by her husband that Shepherd's home was dirty and unkempt.   The niece went over to Shepherd's home during Shepherd's stay in the hospital and discovered one or more of the checks written to appellant.   On January 3, 1990, Shepherd appointed appellant as her attorney in fact and signed a new will, leaving everything to appellant.   Thereafter, an investigation by the Lima Police Department was initiated, culminating in a three-count grand jury indictment being returned against appellant in May 1991.

On August 19, 1991, appellant moved for a bill of particulars, to which appellee responded appropriately.   Appellant then moved to dismiss the indictment. Appellee filed an amended bill of particulars.   Thereafter, on December 5, 1991, the trial court found that count one should not be dismissed but " * * * for the State to specify the date of each theft offense it alleges occurred, the capacity of the accused at the time of the alleged occurrence, and the conduct on each date which constituted the alleged offense."

Subsequently, appellee filed a second amended bill of particulars, which stated:

"On or about January 11, 1982, through December 19, 1989, at 1962 West Market Street, Allen County, Lima, Ohio, Gary D. Lewis did, with purpose to deprive the owner, to wit:  Frances Shepherd, of property, to wit:  money,

---

1.   Shepherd claimed that there were "people from New Jersey" on her roof that kept making noises.   She called the Lima Police Department numerous times beginning sometime in the 1960s complaining of prowlers on her rooftop.

knowingly obtained or exerted control over said money by deception. The said Gary D. Lewis having committed more than one theft offense involving the following listed monies during the alleged time period in the same capacity of relationship with Frances Shepherd, to wit: friend, the aggregate value of all property in all the theft offenses being in excess of One Hundred Thousand Dollars ($100,000): * * *[.]"

Appellant objected to this bill of particulars and renewed his motion to dismiss count one of the indictment. However, the trial court found that this bill of particulars was sufficient.

Appellant was originally indicted on three counts. Counts two and three were dismissed at the close of the prosecution's case in chief. Upon completion of all the evidence, the jury returned a verdict finding appellant guilty on count one of the indictment, aggravated theft. It is from this judgment entry of conviction that appellant asserts four assignments of error.

Assignment of Error No. 1

"The trial court erred in overruling defendant/appellant Gary Lewis' objection to State of Ohio's second amended bill of particulars/renewed motion to dismiss Count I as the state had failed to set forth the specific 'nature and cause of the accusation' as provided by Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution."

Appellant's first assignment of error argues that the second amended bill of particulars filed by the prosecution does not provide him with sufficient specificity as to the nature and cause of the charges alleged in the indictment. We first note that appellant's assignment attacks only the bill of particulars, and not the indictment. Therefore, any discussion by appellant that the indictment did not plead an element is not relevant. A bill of particulars cannot cure defects in an indictment. *State v. Gingell* (1982), 7 Ohio App.3d 364, 7 OBR 464, 455 N.E.2d 1066. Rather, the purpose of the bill of particulars is merely to provide *greater detail* to the accused of the nature and cause of the charge against him, not to provide missing pieces in the indictment. *Id.*

Whether the bill of particulars provides greater detail to the charge contained in the indictment is a matter left to the sound discretion of the trial judge. *State v. Clay* (1972), 29 Ohio App.2d 206, 58 O.O.2d 364, 280 N.E.2d 385. Therefore, our determination is limited to whether the trial court abused its discretion in overruling appellant's objection/renewed motion to the prosecution's second amended bill of particulars. An abuse of discretion is more than an error of law or judgment: " * * * it implies that the court's attitude is unreasonable,

arbitrary or unconscionable." *Tinkham v. Groveport–Madison Local School Dist.* (1991), 77 Ohio App.3d 242, 250, 602 N.E.2d 256, 261.

Based upon a review of the indictment and the second amended bill of particulars, we find that the trial court did not abuse its discretion in overruling appellant's objection/renewed motion to the prosecution's second amended bill of particulars. The bill of particulars clarified the mode by which appellant allegedly deprived Shepherd of her money, namely, by deception. Also, it defined the precise relationship alleged between appellant and Shepherd, namely, that appellant deceived Shepherd in his capacity as a friend. Furthermore, the second amended bill of particulars listed each check, the date it was written, to whom it was written, and the amount of each check that the prosecution alleged was involved in the bringing of the charges against appellant.

The indictment differed from the bill of particulars in that it alleged theft, pursuant to R.C. 2913.02(A), by possibly any of the four ways to commit theft.[2] Also, it stated that the alleged theft was committed in appellant's capacity as employee, friend and/or lover. Finally, no checks or information contained in such checks were made part of the indictment. Therefore, based upon the additional information contained in the bill of particulars and the narrowing of the precise allegations against appellant, we find that the trial court did not abuse its discretion in overruling appellant's objection/renewed motion to the prosecution second amended bill or particulars.

### Assignment of Error No. 2

"The trial court erred in denying defendant/appellant Gary Lewis' motion for acquittal as to Count I at the close of the state's case and again at the close of all the evidence because there was no evidence to prove beyond a reasonable doubt that Mr. Lewis was guilty of theft by deception[.]"

██ It is well established by Ohio law that a court will not grant a motion for acquittal, pursuant to Crim.R. 29(A), when the evidence presented is such that reasonable minds could reach different conclusions whether each material element of the crime had been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. In reviewing the trial court's ruling on this motion, we must view the evidence in a light most favorable to the state. *State v. Wolfe* (1988), 51 Ohio App.3d 215, 555 N.E.2d 689.

---

**2.** R.C. 2913.02 states that theft can be committed by failing to have consent of the owner over the owner's property, by exceeding one's scope of authority, by deception, or by threat.

Therefore, to determine whether there was sufficient evidence presented on each material element of the crime for which appellant was found guilty, we must review the elements of aggravated theft. R.C. 2913.02 states, in pertinent part:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

" * * *

"(3) By deception[.]"

"Deception" as defined in R.C. 2913.01, as applied to R.C. 2913.02, states, in pertinent part:

"(A) 'Deception' means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

Based upon a review of the record, we find that the trial court properly denied appellant's motion for acquittal at the close of the state's case in chief and the close of all the evidence. Appellant argues in his brief that the element upon which the state provided no evidence was that of deception, and, thus, his motion for acquittal should have been granted. As appellant has chosen to address this element only, we also will address only this element.

First, there was evidence presented at trial that Shepherd thought "people from New Jersey" were on her roof making noises and trying to scare her. There was no evidence that anyone was ever on her roof. There is also evidence that appellant would threaten these people, scare them away, and watch her roof from a distance to check on the people from New Jersey. By such action and omission, reasonable minds could conclude that appellant was confirming and/or perpetuating a false impression of Shepherd's, which is deception, pursuant to R.C. 2913.01(A).

Second, evidence was presented that there were checks made out to Shepherd, and signed by her, and then endorsed by appellant and deposited into his own account, without Shepherd's knowledge. By such action, reasonable minds could conclude that appellant was withholding information from Shepherd, which again is deception, pursuant to R.C. 2913.01(A).

Appellant argues that this case is similar to *State v. Baumgarden* (1988), 49 Ohio App.3d 24, 550 N.E.2d 206. We do not agree. In *Baumgarden,* the court of appeals ruled that defendant could not have been convicted of theft by deception

because the checks allegedly obtained by defendant by deception were available for his employer's review when the employer's bank would return the canceled checks each month. Herein, appellant argues that he cannot be convicted of theft by deception because the checks allegedly obtained by deception were available for Shepherd's review. The matter *sub judice* differs from *Baumgarden.* Herein, there was evidence presented that Shepherd was diagnosed with Alzheimer's disease in approximately 1983, and also expert testimony that since 1990, Shepherd was experiencing "dementia senile type," which impairs one's memory. Based on this difference between *Baumgarden* and the facts herein, we find it likely that reasonable minds could conclude, based upon the competent, credible evidence presented, that appellant had been deceptive with Shepherd.

For the above-stated reasons, we find that the trial court did not err in overruling appellant's motion for acquittal. Therefore, this assignment of error is without merit.

### Assignment of Error No. 3

"The trial court erred in failing to review the grand jury transcript, in camera and in the presence of counsel, to determine whether inconsistencies or exculpatory statements were contained therein."

■ Appellant argues that the trial court should have permitted him to review or produce the grand jury testimony of three witnesses, namely, Fran Johns, Larry Lewis, and Leon Campbell.

■ The availability of grand jury testimony is permitted pursuant to Crim.R. 6(E), but, such availability is limited to circumstances where the defense can demonstrate a "particularized need" for such disclosure. *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, states at paragraphs two and three of the syllabus:

"Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. * * *

"Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony."

Considering a review of appellant's argument and the relevant portions of the trial transcript, we find that appellant did not demonstrate a "particularized need" for disclosure which outweighs the need to preserve the secrecy of the

grand jury testimony. We first note that appellant's only reason for requesting the grand jury testimony was that these witnesses were all key state witnesses. However, this does not constitute a "particularized need." Not only has appellant not presented a particularized need for the grand jury transcripts, but also there is no evidence that any of the witnesses on whom he requested grand jury transcripts presented any "surprise" evidence, nor did any of them become contradictory with appellant's counsel during trial over the relevant allegations in issue.

Moreover, we do not agree with appellant's assertion that the facts in this matter are similar to the facts in *Dennis v. United States* (1966), 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. In *Dennis,* there was a considerable amount of time that elapsed not only between the events alleged in the indictment, but also between the time of the grand jury proceedings and the trial. Herein, less than a year elapsed between the grand jury proceedings and the time of the trial. The charge could not have been proven without the witnesses whose grand jury testimony was sought in *Dennis;* whereas, herein, there was corroboration of the relevant matter testified to by the three witnesses whose grand jury testimony was sought. Finally, the testimony of the witnesses in *Dennis* was largely uncorroborated. Herein, the three witnesses' testimony was corroborated by other state witnesses.

Because appellant failed to show a particularized need to review the grand jury testimony of the three witnesses, this assignment of error is without merit.

### Assignment of Error No. 4

"The trial court erred in overruling defendant/appellant Gary Lewis' motion for a change of venue and motion for a new trial based upon the denial of a change of venue as Mr. Lewis demonstrated that he would not and did not receive a trial before a fair and impartial jury."

■ Appellant argues that there was not a fair and impartial jury determining the outcome of his trial based upon the pretrial publicity. Crim.R. 18(B) permits a court to transfer any action before it outside the county in which the trial is to be held when the trial court believes that the defendant cannot receive a fair and impartial trial. Whether venue should be transferred is a matter left to the sound discretion of the trial court. *State v. Maurer* (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768. An appellate court should not disturb the trial court's ruling on this matter " ' * * * unless it is clearly shown that the trial court had abused its discretion. * * * ' " *Id.* at 250, 15 OBR at 389, 473 N.E.2d at 780.

"It has long been the rule in Ohio that '[t]he examination of jurors on their *voir dire* affords the best test as to whether prejudice exists in the community against the defendant, and where it appears that opinions as to the guilt of the defendant of those called for examination for jurors are not fixed but would yield readily to

evidence, it is not error to overrule an application for a change of venue, in absence of a clear showing of an abuse of discretion.' [Citation omitted.]" *Id.* at 250–251, 15 OBR at 389, 473 N.E.2d at 781.

We have reviewed the record of the *voir dire* examination of the prospective jurors in this case and conclude that the trial court did not abuse its discretion in overruling appellant's motion for a change of venue.

First, the record indicates that the jurors felt that despite their exposure to the media accounts regarding appellant's case, if any, they could be fair and impartial and listen to all of the evidence before making a decision. Second, we find important, as did the Ohio Supreme Court in *Maurer, supra,* and this court in *State v. Booher* (1988), 54 Ohio App.3d 1, 560 N.E.2d 786, that appellant failed to utilize all of his peremptory challenges that were available to him. Appellant argues that he was choosing between the "lesser of two evils" in not exercising his remaining peremptory challenges. It cannot be predicted who would have become jurors if appellant had exercised all of his peremptory challenges, what the outcome would have been if the prosecution exercised its remaining peremptory challenge, if at all, or whether any peremptory challenges would have been utilized with an alternate juror(s). Therefore, as this court noted in *Booher,* appellant must have been satisfied with the jury as seated, since he failed to exhaust all of his peremptory challenges.

This assignment of error is overruled.

*Judgment affirmed.*

EVANS and THOMAS F. BRYANT, JJ., concur.