**The STATE of Ohio, Appellee,**

**v.**

**SILOS, Appellant.**

[Cite as *State v. Silos* (1995), 104 Ohio App.3d 23.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 94CA005851.

Decided May 10, 1995.

24

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Milasky,* Assistant Prosecuting Attorney, for appellee.

*Michael Barkus,* for appellant.

DICKINSON, Judge.

Defendant William Silos has appealed from his conviction of conspiracy to commit aggravated trafficking in drugs. He has argued that the trial court incorrectly failed to dismiss his indictment because "the conduct described by said indictment fails to make out the offense charged therein, namely, Conspiracy to Commit Aggravated Trafficking in Cocaine (R.C. 2923.01(A)(2)/2925.03(A)(1)), but instead makes out the offense of Attempted Drug Abuse * * *." This court affirms defendant's conviction because the indictment against him properly charged the offense of conspiracy to commit aggravated trafficking in drugs.

## I

Defendant was indicted on June 22, 1993, for conspiracy to commit aggravated trafficking in drugs. A bill of particulars provided by the state indicated that, on October 3, 1992, defendant "agreed with an undercover police officer to provide money to the officer in exchange for crack cocaine." Defendant gave the officer ten dollars in exchange for a piece of fake crack cocaine.

Defendant moved to dismiss the indictment against him on August 23, 1993. He argued that, assuming the truth of the state's allegations, his actions constituted a violation of the drug abuse statute, which prohibits a person from knowingly obtaining, possessing, or using a controlled substance, but not conspiracy to violate the drug trafficking statute, which prohibits a person from selling or offering to sell a controlled substance. According to defendant, "[s]imply put, the State [sought] to punish a willing buyer of cocaine under the statute directed at the seller of that substance, by means of the conspiracy statute's group liability provisions."

The trial court overruled defendant's motion to dismiss. Defendant withdrew his plea of not guilty and entered a no contest plea. The trial court found him guilty of conspiracy to commit aggravated trafficking in drugs, and he timely appealed to this court.

## II

Defendant's sole assignment of error is that the trial court incorrectly failed to dismiss the indictment against him. Ohio's conspiracy statute, R.C. 2923.01(A), provides, in relevant part:

"No person, with purpose to commit or to promote or facilitate the commission of * * * aggravated trafficking [in drugs], * * * shall do either of the following:

" * * *

"(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any such offense."

R.C. 2923.01(B) provides, in part, that "[n]o person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by him or a person with whom he conspired, subsequent to the accused's entrance into the conspiracy."

In denying defendant's motion to dismiss the indictment against him, the trial court stated that "should the facts be proven at trial as stated in the Bill of Particulars, such facts charge an offense in violation of R.C. 2923.01(A)(2) and R.C. 2925.03(A)(1)." The facts alleged in the bill of particulars, however, were not properly before the trial court for purposes of defendant's motion to dismiss

the indictment. This court has previously held that, in considering whether to dismiss an indictment, a trial court should only look at the face of the indictment:

"[I]n reviewing the propriety of a criminal indictment issued under Ohio law, a court may determine only whether the indictment is valid on its face:

"'The Ohio Rules of Criminal Procedure * * * do not allow for "summary judgment" on an indictment prior to trial. * * * Since [defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case.'" *State v. Brandon* (Nov. 24, 1993), Summit App. No. 16236, unreported, at 4, 1993 WL 499077, quoting *State v. Varner* (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476, 477.

A motion to dismiss an indictment tests the sufficiency of the indictment, "without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165, 1167. The purpose of a bill of particulars is to provide a defendant with greater detail of the nature and causes of the charges against him. *State v. Lewis* (1993), 85 Ohio App.3d 29, 619 N.E.2d 57. It cannot support or defeat a motion to dismiss an indictment because it cannot create or cure a defect in an indictment. *Id.*

The trial court's consideration of defendant's motion to dismiss should have been restricted to a review of the face of the indictment, which charged defendant with conspiracy to commit aggravated trafficking in drugs:

"Defendant * * * unlawfully on or about October 3, 1992, with purpose to commit or to promote or facilitate the commission of Aggravated Trafficking in Drugs, did agree with another person or persons that one or more of them would engage in conduct that facilitated the commission of Aggravated Trafficking in Drugs, in violation of Section 2923.01(A)(2) of the Ohio Revised Code, a Felony in the Fourth Degree * * *."

Inasmuch as the indictment against defendant was valid on its face, the trial court correctly refused to dismiss it. Defendant's assignment of error is overruled.

### III

Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth District Court of Appeals, sitting by assignment.