OPINION
Plaintiff-appellant, the state of Ohio, appeals from a pretrial decision of the Butler County Court of Common Pleas dismissing an indictment against defendant-appellee, Harold R. Riley. We reverse.
As a result of an undercover operation by the Hamilton Police Department, the Butler County Grand Jury indicted Riley on October 25, 2000, for conspiracy to commit trafficking in cocaine pursuant to R.C.2923.01(A)(2). The indictment reads in pertinent part as follows:
 [O]n or about the 7th day of September, 2000, at Butler County, Ohio, Harold D. Riley did agree with another person or persons that one of them would engage in conduct that facilitated the commission of the offense of Trafficking in Cocaine, Section 2925.03(A), and with purpose to commit or to promote or facilitate the commission of said offense, did knowingly sell or offer to sell crack cocaine, a Schedule II controlled substance, and said offense was committed within the vicinity of the Jefferson School premises, which offense is a felony of the fifth degree, in violation of the Ohio Revised Code, Title CONSPIRACY TO COMMIT TRAFFICKING IN COCAINE, Section 2923.01(A)(2) * * *.
In response to Riley's request, the state filed a bill of particulars on January 3, 2001. It stated, in relevant part, that Riley "on more than one occasion on September 7, 2000 asked plain clothes police to get cocaine for him and Riley is [sic] purposeful conduct facilitated in the commission of said offense, which was to knowingly sell or offer to sell crack cocaine, a Schedule II controlled substance." Riley thereafter filed a motion to dismiss the indictment on January 10, 2001. In this motion, Riley asserted dismissal was warranted because "even if the facts in the Bill of Particulars are true, no crime was committed." The state then filed an amended bill of particulars on March 13, 2001, which did not materially change the substance of the prior bill of particulars.
On March 19, 2001, Riley's motion came before the trial court for hearing. Without objection, Riley elicited testimony from two city of Hamilton police officers concerning the underlying facts supporting the indictment. The prosecutor defended the motion and questioned these same officers. The testimony established Riley made three requests of undercover officers to purchase a five-dollar piece of crack cocaine, though in reality the officers possessed only "fleece," which is counterfeit crack cocaine. Riley balked at accompanying the undercover officers to a nearby alley to complete the deal, wishing instead to execute the exchange on the street. When informed the deal would have to take place in the alley, Riley left without consummating the deal, but said he would be back. Uniformed officers arrested Riley shortly thereafter at a nearby location.
At the conclusion of testimony, the trial court took the matter under advisement and on April 2, 2001, entered a decision dismissing the indictment. In its decision, the trial court concluded that "[u]nder the facts as presented on the hearing on the motion to dismiss the Court holds that the evidence does not support the charge of conspiracy to engage in a pattern of aggravated trafficking."
The state appeals and presents one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING [RILEY'S] MOTION TO DISMISS.
At the time this matter was before the trial court, the mechanism governing pretrial motions to dismiss criminal indictments was found in Crim.R. 12(B).[1] This rule stated, in pertinent part:
 Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
* * *
 (2) defenses and objections based on defects in the indictment, information, or complaint * * *. (Emphasis added.)
Crim.R. 12(B) makes clear that a pretrial motion to dismiss can only raise matters that are capable of determination without a trial on the general issue. The Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment. State v. McNamee
(1984), 17 Ohio App.3d 175, 176. Therefore, a pretrial motion must not entail a determination of the sufficiency of the evidence to support the indictment. State v. O'Neal (1996), 114 Ohio App.3d 335, 336.
Similarly, the contents of a bill of particulars are not properly before the trial court in a pretrial motion to dismiss an indictment.State v. Silos (1995), 104 Ohio App.3d 23, 25-26. Rather, the proper determination is whether the language within the indictment alleges the offense, in this case conspiracy to commit trafficking in cocaine. SeeState v. Heebsh (1992), 85 Ohio App.3d 551, 556. "[A] motion for acquittal brought at the close of the state's case is the proper procedure for challenging the sufficiency of the evidence in a criminal prosecution." State v. Carpenter (Aug. 17, 1998), Butler CA98-02-034, unreported, at 4, citing State v. Varner (1991), 81 Ohio App.3d 85.
Here, when the trial court granted Riley's pretrial motion to dismiss, the court identified the question to be resolved as whether possession of the drugs by Riley was necessary to sustain a conviction for the indicted offense. The trial court concluded the facts were insufficient to support the indictment. However, this analysis improperly assesses the legal sufficiency of the state's evidence in contravention of Crim.R. 12(B). Such a determination cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion. Carpenter, Butler CA98-02-034, unreported, at 4.
Riley argues the trial court merely found a fatal defect in the indictment, presumably pursuant to Crim.R. 12(B)(2). However, the fatal defect Riley points to is the claimed factual falseness of the indictment: That Riley did not "sell or offer to sell crack cocaine," but rather merely offered to buy it from undercover officers who themselves did not possess it. Like the trial court's analysis, this approach impermissibly looks beyond the language of the indictment itself. Riley does not allege, and the trial court did not find, that the indictment was deficient on its face. Compare, State v. Childs
(2000), 88 Ohio St.3d 558, 564-566. Whether the evidence shows Riley committed the indicted offense is a question to be determined later by the trier of fact. Heebsh, 85 Ohio App.3d at 556.
Riley submits that even if the trial court improperly dismissed the indictment, the state has waived any error by failing to make the proper objection at the March 19, 2001 hearing. The record shows the state did defend the motion, but only on the merits, i.e., that the testimony sufficiently supported the indictment. The issue of whether Riley's pretrial motion to dismiss was outside the scope of Crim.R. 12(B) was never directly before the trial court. In oral argument to this court, the state submitted that even if it did not raise this issue to the trial court, granting the motion amounts to plain error by the trial court. Upon review of the particular circumstances here, we see this as involving neither a waiver nor a plain error issue.
Ohio law clearly establishes that a pretrial motion to dismiss an indictment based upon insufficiency of the evidence is improper. If a trial court nevertheless grants such a motion, it amounts to a premature declaration by that court. Varner, 81 Ohio App.3d at 86. "As a general rule, `premature declarations' * * * are strictly advisory and an improper exercise of judicial authority." Id., citing Fortner v. Thomas
(1970), 22 Ohio St.2d 13, 14. See, also, State v. Tipton (1999),135 Ohio App.3d 227, 229. Since the trial court ruling here was strictly advisory, this case is not yet resolved and the matter must proceed to a conclusion by verdict or Crim.R. 29(A) decision.
Finally, Riley urges us to affirm the trial court's ruling in the interest of judicial economy. Riley contends that upon a remand, the trial court will be required to ultimately acquit him anyway based on its prior decision. Riley provides no authority, and we can find none, to support this conclusion under these circumstances. We see no reason why, upon remand, the trial court cannot either grant or deny a Crim.R. 29(A) motion as appropriate. We specifically make no ruling at this time regarding the sufficiency of the facts to support the indictment. That is an issue for another day. Accordingly, the state's sole assignment of error is sustained.
YOUNG, P.J., and POWELL, J., concur.
[1] Effective July 1, 2001, Crim.R. 12(B) was redesignated as Crim.R. 12(C). The rule remains otherwise identical and, therefore, the amendment does not affect the issues in this appeal.