DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Jeffrey Robinson appeals the judgment of the Athens County Court of Common Pleas, which found him guilty of kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(2) and (3), and extortion, a third-degree felony in violation of R.C.2905.11(A)(2). Appellant asserts that the trial court erred by not dismissing the indictment against him because the information in the bill of particulars was inconsistent with the charges in the indictment. Accordingly, appellant asserts that his convictions should be reversed.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 The Trial Court Proceedings {¶ 3} A review of the record in the case sub judice, reveals the following facts pertinent to this appeal. Defendant-Appellant Jeffrey Robinson and three other people, Tara Carsey, Jason Harness, and Anthony Thompson, were involved in the kidnapping, assault, and extortion of Alpesh Patel.
 {¶ 4} On April 23, 2001, the grand jury indicted appellant on one count each of kidnapping and extortion. Specifically, the indictment alleged:
 {¶ 5} "[Appellant] * * * did by force, threat or deception * * * remove another from the place where the other person is found or restrain the liberty of the other person for the purpose of: to facilitate the commission of a felony or the flight thereafter or to terrorize, or to inflict serious physical harm on the victim or another, to wit: the Defendant did hold the victim against his will and threatened serious physical harm if the victim didn't provide the defendant with a large amount of money."
 {¶ 6} The indictment stated that the alleged actions of appellant constituted kidnapping in violation of R.C. 2905.01(A)(2) and (3). Also, the indictment alleged that appellant committed extortion in violation of R.C. 2905.11(A)(2).
 {¶ 7} On May 11, 2001, appellant requested a bill of particulars from the state.
 {¶ 8} On May 25, 2001, the state filed its bill of particulars. Regarding the kidnapping charge, the state asserted in its bill of particulars that, "[Appellant] along with three co-defendants assaulted and threatened Patel and held him against his will for the purpose of extorting $10,000 from his family."
 {¶ 9} On June 15, 2001, the state filed a motion to amend the indictment and an amended bill of particulars. The state sought to have the indictment amended to reflect a violation of R.C. 2905.01(A)(1), rather than the indicted violation of R.C. 2905.01(A)(2) and (3).[1]
The amended bill of particulars asserted the same facts that the original bill of particulars asserted, to wit: "[Appellant] along with three co-defendants assaulted and threatened Patel and held him against his will for the purpose of extorting $10,000.00 from his family." In addition, however, the amended bill of particulars alleged that the conduct was in violation of R.C. 2905.01(A)(1), as sought in the motion to amend the indictment.
 {¶ 10} The trial court denied the state's motion to amend the indictment. However, on July 3, 2001, the state sought, and obtained, from the grand jury, a new indictment charging appellant with two counts of kidnapping, one in violation of R.C. 2905.01(A)(1) and the other in violation of R.C. 2905.01(A)(3), and one count of extortion.
 {¶ 11} Shortly thereafter, the state moved to dismiss the most recent indictment, indicating that it was going to proceed with a prosecution pursuant to the original indictment that was filed against appellant on April 23, 2001. The trial court granted the state's motion to dismiss the July 3, 2001 indictment.
 {¶ 12} On July 9, 2001, appellant filed a motion to dismiss the April indictment, asserting that the state was "attempting to amend both counts of the Indictment in an improper manner." Subsequently, the state filed a memorandum in opposition to appellant's motion.
 {¶ 13} On July 10, 2001, immediately before the commencement of trial, the trial court heard arguments concerning appellant's motion to dismiss the indictment. The trial court expressed some confusion regarding the state's decision to dismiss the more recent indictment and proceed on the older one, but nonetheless denied appellant's motion to dismiss. The trial court explained to the parties, however, that in order to obtain a conviction, the state had to prove the elements of kidnapping under R.C. 2905.01(A)(2) or (3) as found in the original indictment, and not R.C. 2905.01(A)(1) as cited in the amended bill of particulars. Furthermore, the trial court determined that appellant was not misled or prejudiced by the state's actions in seeking and then dismissing the second indictment.
 {¶ 14} The lower court proceeded to conduct a bench trial and found appellant guilty of the charges found in the first indictment (i.e. — kidnapping in violation of R.C. 2905.01(A)(2) and (3) and extortion in violation of R.C. 2905.11(A)(2)). Appellant was subsequently sentenced to eight years incarceration for kidnapping and four years incarceration for extortion. The sentences were to be served concurrently.
 The Appeal {¶ 15} Appellant timely filed a notice of appeal and presents the following assignment of error for our review: "The trial court committed prejudicial error when it failed to dismiss the indictment prior to trial."
 {¶ 16} Appellant argues that because the code provisions cited in the amended bill of particulars and the indictment differ, the bill of particulars constituted an unlawful attempt to amend the indictment. Alternatively, appellant argues that the contradictory language denied his right to know the nature of the charges against him and his right to a bill of particulars as afforded pursuant to Crim.R. 7(E). Accordingly, appellant concludes that the trial court should have dismissed the indictment.
 I. Indictments and Bills of Particulars {¶ 17} "A criminal indictment serves several purposes. First, by identifying and defining the offenses of which the individual is accused, the indictment serves to protect the individual from future prosecutions for the same offense." State v. Childs, 88 Ohio St.3d 194,198, 2000-Ohio-298, 724 N.E.2d 781, citing State v. Sellards (1985),17 Ohio St.3d 169, 170, 478 N.E.2d 781. "In addition, the indictment compels the government to aver all material facts constituting the essential elements of an offense, thus affording the accused adequate notice and an opportunity to defend." Id.
 {¶ 18} The purpose of a bill of particulars is "to elucidate or particularize the conduct of the accused alleged to constitute the charged offense," and "inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto." State v.Sellards (1985), 17 Ohio St.3d 169, 171, 478 N.E.2d 781; State v. Fowler
(1963), 174 Ohio St. 362, 364, 189 N.E.2d 133; see, also, State v.Chaffin (1972), 30 Ohio St.2d 13, 282 N.E.2d 46, paragraph one of the syllabus (holding that, "The purpose of a bill of particulars is to set forth specifically the nature of the offense charged, not to require the state to disclose its evidence."). Consistent with this purpose, Crim.R. 7(D) allows amendment of a bill of particulars "before, during, or after a trial" provided "no change is made in the name or identity of the crime charged." See, also, State v. Brown (1994), 99 Ohio App.3d 604, 610,651 N.E.2d 470.
 {¶ 19} Conversely, the purpose of a bill of particulars is not to provide the accused with specifications of evidence and it should not serve as a substitute for discovery. See In re April 7, 1999 Grand JuryProceedings, 140 Ohio App.3d 755, 2000-Ohio-2552, 749 N.E.2d 325; see, also, State v. Waszily (1995), 105 Ohio App.3d 510, 664 N.E.2d 600, appeal not allowed 74 Ohio St.3d 1477, 657 N.E.2d 785. Also, a bill of particulars cannot cure defects in an indictment. See State v. Lewis
(1993), 85 Ohio App.3d 29, 619 N.E.2d 57.
 {¶ 20} Thus, an indictment serves to commence the criminal prosecution of a defendant by averring the essential elements of the indicted offense, while a bill a particulars serves to inform the defendant of the specific conduct alleged to constitute the indicted offense. See Childs and Sellers, supra.
 II. Challenges to Indictments and Bills of Particulars {¶ 21} Generally, an indictment is challenged on the bases that it is legally insufficient (e.g., fails to aver an essential element of the charged offense) or technically deficient (e.g., the grand jury proceedings were improperly conducted or the prosecutor failed to sign the indictment). See, e.g., State v. Patterson (1989), 63 Ohio App.3d 91,577 N.E.2d 1165 (holding that "a motion to dismiss charges in an indictment tests the sufficiency of the indictment," and that in order to test the sufficiency of the indictment, the proper query is "whether the allegations contained in the indictment made out offenses under Ohio criminal law."); see, also, Crim.R. 7(B); R.C. 2941.01 — 2941.06.
 {¶ 22} When presented with a motion to dismiss an indictment, a trial court looks only to the face of the indictment to determine whether it is legally sufficient and complies with other requirements. See Statev. Tipton (1999), 135 Ohio App.3d 227, 733 N.E.2d 634, appeal not allowed88 Ohio St.3d 1416, 723 N.E.2d 121 (holding that, "When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment," which is not permitted under the Ohio Rules of Criminal Procedure); see Statev. Barcus (1999), 133 Ohio App.3d 409, 728 N.E.2d 1012, stay granted86 Ohio St.3d 1418, 711 N.E.2d 1012, dismissed, appeal not allowed86 Ohio St.3d 1462, 715 N.E.2d 566.
 {¶ 23} On the other hand, challenges to bills of particulars are generally based on the argument that the bill of particulars was not specific enough, such that the defendant was not informed of the precise nature of the offense. See, e.g., State v. Lewis, 85 Ohio App.3d 29,619 N.E.2d 57; State v. O'Donnell, Scioto App. No. 00CA2724, 2001-Ohio-2472. However, in order to prevail on such a challenge, an appellant must show that he was prejudiced (i.e., the lack of specificity prevented the defendant from adequately preparing or presenting a defense). See id.; State v. Brumback (1996), 109 Ohio App.3d 65,671 N.E.2d 1064; State v. Petro (1947), 149 Ohio St. 473, 76 N.E.2d 355.
 III. Appellant's Argument {¶ 24} In the case sub judice, appellant was indicted on one count of kidnapping and one count of extortion. The kidnapping charge asserted a violation of R.C. 2905.01(A)(2) and (3). Appellant then requested and received a bill of particulars asserting that appellant held the victim against his will in order to extort $10,000 from the victim's family. The state then filed an amended bill of particulars contemporaneously with its motion to amend the indictment. The only substantive difference between the two bills of particulars is that the amended bill of particulars provides that appellant's conduct was a violation of R.C.2905.01(A)(1), while the original bill of particulars did not provide a citation to the code provision appellant allegedly had violated.
 {¶ 25} The state's motion to amend the indictment of April 23, 2001, was denied by the trial court. The state then sought, and obtained, a new indictment from the grand jury on July 3, 2001, specifically asserting that appellant's conduct violated R.C. 2905.01(A)(1). The state voluntarily dismissed this indictment and proceeded on the original indictment. However, the amended bill of particulars was neither stricken from the record, nor amended to reflect the same code section as that stated in the original indictment.
 {¶ 26} As we have noted previously, appellant contends that the conflict between the bill of particulars and the indictment — that the two documents cite to different code provisions — somehow required the trial court to dismiss the indictment. Appellant does not challenge the bill of particulars on the basis that it lacks specificity, nor does he challenge the indictment for legal insufficiency or some technical deficiency. We can find no authority to support appellant's position that the bill of particulars and the indictment interact in the manner he proposes, or that the result sought (i.e., dismissal of the indictment) is required.
 {¶ 27} As we noted above, a motion to dismiss that goes beyond the face of an indictment essentially is a motion for summary judgment, and a trial court has no authority to grant such a motion in a criminal case. See Tipton, supra. Appellant seeks dismissal of an indictment on the basis of errors in the bill of particulars, which goes beyond the face of the indictment. The motion was properly denied.
 {¶ 28} Even if the trial court's decision to deny appellant's motion to dismiss was somehow in error, which we do not find, appellant has not shown any prejudice resulting from the trial court's decision. See Lewis, O'Donnell, and Brumback, supra. The failure to include in an indictment the correct numerical designation of the statute appellant allegedly violated is not grounds for dismissal or reversal of conviction if the defendant is not prejudiced. See Crim.R. 7(B); State ex rel. Dixv. McAllister (1998), 81 Ohio St.3d 107, 1998-Ohio-646, 689 N.E.2d 561. Likewise, the same error in a bill of particulars does not constitute reversible error unless prejudice is shown. Prejudice in this context means that appellant was prevented from adequately preparing a defense. See Lewis, O'Donnell, and Brumback, supra.
 {¶ 29} Appellant claims that his defense was prejudiced because he was denied his right to know the exact nature of the charges against him. We cannot agree with this claim. The indictment clearly states the code sections that appellant was alleged to have violated. The state's theory of the case was set forth in the original bill of particulars and was carried over to the amended bill of particulars, which added the wrong code provision. Additionally, the trial court informed both parties that the charges against appellant were those found in the original indictment and not the amended bill of particulars. Thus, we find that appellant was not prejudiced by the differences between the indictment and the amended bill of particulars.
 {¶ 30} Accordingly, we OVERRULE appellant's sole assignment of error and AFFIRM the judgment of the trial court.
Judgment affirmed.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.
[1] R.C. 2905.01(A)(1) prohibits the removing of "another from the place where the other person is found," or restraining "the liberty of the other person," in order to hold that person for ransom, "or as a shield or hostage." R.C. 2905.01(A)(1). While, R.C. 2905.01(A)(2) and (3) prohibit the same conduct, these provisions prohibit doing so for the purposes of facilitating "the commission of a felony or flight thereafter," or terrorizing or inflicting "serious physical harm on the victim or another." R.C. 2905.01(A)(2) and (3).